UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIANE LAWLESS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-11089-IT |
| | * | |
| TOWN OF FREETOWN, by and through | * | |
| its Treasurer/Collector, JESSICA | * | |
| THOMAS, PAUL SADECK, individually | * | |
| and in his official capacity as member of | * | |
| the Board of Selectmen, LEE | * | |
| BAUMGARTNER, individually and in his | * | |
| official capacity as member of the Board | * | |
| of Selectmen, and LISA A. PACHECO, | * | |
| individually and in her official capacity as | * | |
| member of the Board of Selectmen, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

November 14, 2023

TALWANI, D.J.

Plaintiff Diane Lawless, a former municipal employee, brought this action against

Defendants Town of Freetown ("Freetown" or "Town") and the members of its Board of

Selectmen (the "Board members") in their individual and official capacities. Following the

individual Board members' successful interlocutory appeal as to their qualified immunity

defense, Freetown filed a Renewed Motion for [Partial] Summary Judgment [Doc. No. 190]

seeking summary judgment on Plaintiff's claim under 42 U.S.C. § 1983 ("section 1983") against

the Town.[1] The court rejects Freetown's threshold arguments that it is entitled to summary

---

[1] Although labeled a "Motion for Summary Judgment," the motion does not challenge Lawless's
breach of contract claim.

judgment on the ground that the section 1983 claim as to the Town is new, unadvertised, and

waived. On the merits, the motion is DENIED as to the claim regarding pre-termination due

process and GRANTED as to the claim regarding post-termination process.

## I.     Procedural History

The procedural history of this case prior to the interlocutory appeal is addressed in the

court's <u>Memorandum and Order</u> [Doc. No. 122], in which the court granted Defendants' <u>Motion</u>

<u>for Summary Judgment</u> [Doc. No. 93] as to Plaintiff's claims of libel against the Board members

(Count I); violation of her due process rights under the Massachusetts Declaration of Rights

(Count III) against Freetown and the Board members; and ultra vires acts against Freetown and

the Board members (Count IV), and denied the motion as to Plaintiff's claims under section 1983

(Count II) against Freetown and the Board members and for breach of contract (Count V) as to

the Town. On the section 1983 claim, the court found that based on the disputed factual record,

"a reasonable jury could find that, in this case, the outcome of the hearing was predetermined

and therefore violated Lawless' due process right." Mem. & Order 20 [Doc. No. 122]. The court

ignored the individual Board members' failure to raise a qualified immunity defense in their

answer but rejected that defense finding that "'an objectively reasonable official would

indubitably have known that depriving plaintiff of . . . a meaningful opportunity to respond . . .

violated the fourteenth amendment.'" <u>Id.</u> at 23 (<u>quoting</u> <u>Collins v. Marina-Martinez</u>, 894 F.2d

474, 481 (1st Cir. 1990)).

The individual Defendants sought review of the denial on summary judgment of the

qualified immunity defense in an interlocutory appeal. <u>See</u> Notice of Interlocutory Appeal [Doc.

No. 126]. During the pendency of the interlocutory appeal, this court held several pretrial and

status conferences to determine if any portions of the matter could proceed while the Board

members' interlocutory appeal was pending. See Elec. Clerk's Notes for Proceedings (March 23, 2021) [Doc. No. 124]; Tr. of Pretrial Videoconference (September 20, 2021) [Doc. No. 171]; Tr. of Pretrial Videoconference (November 8, 2021) [Doc. No. 176]; Elec. Clerk's Notes for Proceedings (March 31, 2022) [Doc. No. 175]. As discussed further below, the Town's claim of a waiver stems from a colloquy during one of these conferences.

On March 22, 2023, the First Circuit reversed this court's denial of summary judgment on the individual Board members' qualified immunity defense, and remanded the case for further proceedings. Lawless v. Town of Freetown, 63 F.4th 61 (1st Cir. 2023).

On remand, the court invited the Town to file a second summary judgment motion to tee up the parties' ongoing dispute as to Plaintiff's section 1983 claim against the Town. See Elec. Clerk's Notes [Doc. No. 187]. Freetown filed the pending Renewed Mot. for Summ. J. [Doc. No. 190], and the parties have submitted extensive briefing on the issues presented. See Pl.'s Opp'n [Doc. No. 192]; Def.'s Reply [Doc. No. 197]; Def.'s Opp'n to Pl.'s Mot. for Leave to File a Surreply [Doc. No. 204]; Pl.'s Surreply [Doc. No. __].

## II.    The Town's Procedural Challenge to Plaintiff's Section 1983 claim

The Town first seeks summary judgment on Plaintiff's section 1983 claim because Plaintiff purportedly never brought, and cannot now "retroactively interject," a Monell[2] claim against the Town. Def. Town of Freetown's Renewed Mem. of Law in Supp. of its Mot. for Summ. J. ("Def. Freetown's Mem.") 1-2 [Doc. No. 191]. The Town contends that neither Plaintiff's Amended Complaint [Doc. No. 1-1] nor its subsequent briefing and arguments before the court advertised a Monell claim. Id. Defendant Freetown asserts that "[w]hat is clear is that Plaintiff's Section 1983 claim was not pled as two separate claims," one against the individuals

---

[2] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

and one against the Town, and that "[Plaintiff's] pleadings never once mention <u>Monell</u> or single-instance theories of municipal liability." <u>Id.</u> at 6. According to Defendant, Plaintiff's failure to plead a separate <u>Monell</u> claim against the Town forecloses the possibility of municipal liability altogether. <u>Id.</u> at 8-9. Further, Defendant claims that despite ample opportunity to make the court aware of its alleged claim against Freetown, Plaintiff repeatedly failed to do so. <u>Id.</u> The Town concludes Plaintiff's <u>Monell</u> claim, if it ever existed, has been waived. <u>Id.</u> at 9.

Plaintiff counters that Defendant has known from the start that Plaintiff brought a section 1983 claim against the Town because the Town has always been a named Defendant in the case and because Plaintiff always referred to plural "Defendants" when discussing her section 1983 claim. Memo. in Supp. of Pl. Diane Lawless' Opp'n to Defs.' Renewed Mot. for Summ. J. 2-4 ("Pl.'s Mem.") [Doc. No. 193]. She argues that Defendants and the court have understood throughout the case that she has a claim against the Town, and that claim was not and did not need to be labeled a "<u>Monell</u>" claim. <u>Id.</u> at 5. Plaintiff argues that she brought one section 1983 claim against four Defendants, the three individual Board members and the Town, and that the Town's liability is direct. <u>Id.</u> at 4; <u>see also</u> <u>Bd. of the Cty. Comm'rs v. Brown</u>, 520 U.S. 397, 406 (1997) (a decision "duly promulgated by city lawmakers, could trigger municipal liability if the decision itself were found to be unconstitutional").

Regardless of how Plaintiff has labeled the claim, the court agrees with Plaintiff that she brought and continues to maintain a section 1983 municipal liability claim against the Town, as permitted by <u>Monell</u>, for alleged procedural due process violations. Through summary judgment and on interlocutory appeal, Plaintiff, Defendants, this court, and the First Circuit have discussed Plaintiff's section 1983 claim as including a claim against the Town. A review of the briefing and decisions reveals that Plaintiff consistently asserted—and the court and Defendants

consistently understood Plaintiff to be asserting—that the Town is liable under section 1983. See Defs.' Mem. in Supp. of Mot. to Dismiss 2 [Doc. No. 10] ("Counts I – IV are brought against the Town and the individually named Defendants in their individual and official capacities"); Mem. & Order on Summ. J. 18 [Doc. No. 122] ("Lawless' second claim alleges a violation of her due process rights under section 1983 against the Board members and Freetown"); Lawless, 63 F.4th at 64 ("the board members joined with the Town in seeking summary judgment against Lawless's due process claim"); id. at 70, n.8 ("Because our appellate jurisdiction is founded on the qualified immunity question, the Town's potential municipal liability on the due process claim is not before us").

Defendant asserts next that, in any event, Plaintiff waived her section 1983 claim as to the Town. The Town contends the purported waiver occurred during an initial pretrial conference on November 8, 2021, while the interlocutory appeal was pending. The court noted during that conference that it did not have jurisdiction over the section 1983 claim given the Board members' appeal. See Tr. Of Pretrial Videoconference 4:8-11, 16-17 [Doc. No. 176]; see also United States v. Brooks, 145 F.3d 446, 455 (1998) ("as a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal'") (quoting United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993)). In exploring the option of proceeding on the contract dispute, the court had the following colloquy with counsel:

> THE COURT: The – one claim is against the town. That's the breach of contract claim.
>
> [DEFENDANTS' COUNSEL]: Yes, Your Honor.
>
> THE COURT: And the other claim is against the individuals?
>
> [DEFENDANTS' COUNSEL]: Yes, Your Honor.
>
> [PLAINTIFF'S COUNSEL]: And the town.

THE COURT: Because of – on – against the town how? It's a – why is it against the town? Is there a Monell claim? I can't remember. I don't think there is.

[PLAINTIFF'S COUNSEL]: No, Your Honor. But I don't think – I mean, <u>I'm almost certain that we named the town in the 1983 claim, and I don't believe that the town ever moved for summary judgment on that point</u>.

THE COURT: Well, there's no Monell claim against the town, is there?

[DEFENDANTS' COUNSEL]: No. There was never a Monell claim in this case. It's a procedural due process claim, which is against the individuals, which is why we're before the First Circuit on the interlocutory appeal.

. . . .

[PLAINTIFF'S COUNSEL]: As a practical matter, Your Honor, we have claims against the individual defendants in their official capacities.

Tr. Of Pretrial Videoconference 7:7-8:1-2, 8:21-23 [Doc. No. 176] (emphasis added).

Plaintiff's counsel explained that he did not label Plaintiff's claim as a <u>Monell</u> claim because her due process claim against the Town sounded in direct liability. <u>See</u> Pl.'s Mem. 12-14 [Doc. No. 193]. And he repeatedly noted during that colloquy that he had asserted a section 1983 claim against the Town, and that he had asserted claims against the individual Defendants in their official capacities. In contrast, Defendants' counsel's statement that "[it]'s a procedural due process claim, which is against the individuals, which is why we're before the First Circuit on the interlocutory appeal" was misleading where only the individuals had a right to an interlocutory appeal as to their qualified immunity defense. That limitation on the appeal in no way meant that Plaintiff had not asserted a claim against the Town. On this record, the court finds no waiver of Plaintiff's section 1983 claim for alleged procedural due process violations against Freetown.[3]

---

[3] The court notes further that Freetown was in no way prejudiced by Plaintiff's November 8, 2021 statement that there was no <u>Monell</u> claim where that single statement occurred after all discovery was completed and while the interlocutory appeal was pending. Instead, it appears that the Town is seeking to exploit the labeling confusion as Plaintiff has consistently maintained that

### III.   The Town's Substantive Challenge to Plaintiff's Section 1983 claim

Defendant also contends that Plaintiff's procedural due process claim has been flatly

rejected by the First Circuit and is otherwise unsupported by law. Def. Freetown's Mem. 9-13

[Doc. No. 191]. Defendant argues that the First Circuit squarely held that the pre-termination

hearing provided to Plaintiff satisfied the requirements of due process, and thus Plaintiff's "sham

hearing" theory is dead in the water as to the Town. Id.

Plaintiff counters that the opinion on interlocutory appeal has no bearing on her claim

against the Town. Pl.'s Mem. 15-19 [Doc. No. 193]. She contends that the First Circuit's

decision was narrowly focused on the issue of qualified immunity and that "[a]spects of the First

Circuit's [] decision besides its opinion on the individual defendants' qualified immunity are

dicta." Pl.'s Mem. 21 [Doc. No. 196].

The court finds neither framework correct. The First Circuit asserted "jurisdiction over

the [individual Board Members'] interlocutory appeal of [this] court's 'denial of summary

judgment on qualified immunity only insofar as the appeal rest[ed] on legal, rather than factual

grounds,'" Lawless, 63 F.4th at 64-65 (quoting McCue v. City of Bangor, 838 F.3d 55, 57 (1st

Cir. 2016)). Accordingly, the First Circuit decision does not alter this court's understanding of

the factual record on summary judgment. The First Circuit also confirmed that "[b]ecause [its]

appellate jurisdiction is founded on the qualified immunity question, the Town's potential

---

she has a direct claim against the Town including during that hearing itself. Indeed, playing
hardball (and raising questions about possible conflicts of interest in the representation of both
the Town and the individuals), Defendants' counsel marshaled this confusion to refuse to agree
to dismissal of the claims against the individual Board Members then pending before the First
Circuit unless Plaintiff agreed to forfeit her direct liability claim against the Town. See Def.
Freetown's Renewed Mot. for Summ. J., Ex. E (March 2022 Emails between counsel) [Doc. No.
191-5].

municipal liability on the due process claim is not before [the First Circuit]." <u>Lawless</u>, 63 F.4th at 70 n.8.

Nonetheless, under the First Circuit's "law of the case" doctrine, a mandate for further proceedings "with only a few exceptions, forbids . . . a lower court from relitigating issues that were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage of the same case." <u>Municipality of San Juan v. Rullan</u>, 318 F.3d 26, 29 (1st Cir. 2003). At the same time, "[i]t is equally clear that issues that were not decided by the appellate court and that are thus outside the scope of the mandate are not affected by the mandate." <u>De Jesus-Mangual v. Rodriguez</u>, 383 F.3d 1, 6 (1st Cir. 2004); <u>see also</u> <u>Biggins v. Hazen Paper Co.</u>, 111 F.3d 205, 209 (1st Cir. 1997) ("mandates require respect for what the higher court decided, not for what it did not decide.").

Accordingly, the court reconsiders the Town's initial request for summary judgment, taking into account the First Circuit's decision on the interlocutory appeal as required under the law of the case doctrine and mandate rule.

A. *Standard of Review*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under the governing substantive law, it could affect the outcome of the case. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Baker v. St. Paul Travelers Ins. Co.</u>, 670 F.3d 119, 125 (1st Cir. 2012). A dispute is genuine if a reasonable jury could return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be satisfied in two ways: (1) by submitting affirmative evidence that negates an essential element of the non-moving party's claim or (2) by demonstrating that the non-moving party failed to establish an essential element of its claim. Id. at 323-24.

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to set forth facts demonstrating that a genuine dispute of material fact remains. Id.  The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] upon mere allegation[s] or denials of [the] pleading[s]." Anderson, 477 U.S. at 256. Rather, the non-moving party must "go beyond the pleadings and by [his or] her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Disputes over facts "that are irrelevant or unnecessary" will not preclude summary judgment. Anderson, 477 U.S. at 248.

When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

B. *Factual Record*

The factual record is set forth in this court's Memorandum and Order  [Doc. No. 122] which is incorporated herein in full. Of particular note, the court found:

[T]here is evidence for a reasonable jury to find that the Board had made up its mind to terminate Lawless prior to the hearing and that no evidence she presented would have changed the result.

First, at the April 2, 2014 executive session—more than a year before Lawless' disciplinary hearing—the Board members agreed that they did not trust Lawless. Apr. 2, 2014 Exec. Session Minutes [Doc. No. 95-17]. After Pacheco suggested that the Board hold a disciplinary hearing, Sadeck stated that Lawless was appointed, not elected, and that "is the end of story." Id. A reasonable jury could find that Sadeck meant that the Board should terminate Lawless without the benefit of a disciplinary hearing. At another executive session later that month, Baumgartner said that he would "never get past the trust thing" and expressed his belief that Lawless "was not truthful" with the Board. Id.

Then, at the November 17, 2014 executive session, Pacheco stated that she did not trust Lawless and believed that Lawless had taken advantage of Healey to get the password to Estrella's computer. Baumgartner said that, in his opinion, Lawless "should be gone." Nov. 17, 2014 Exec. Session Minutes [Doc. No. 95-21].

Next, at the at the April 7, 2015 executive session, the Board members voted unanimously to hold a "termination hearing" for Lawless. Apr. 7, 2015 Exec. Session Minutes [Doc. No. 96-4]. During the same session, Town Counsel advised the Board that they should promptly hire an interim Treasurer because the "relationship [with Lawless] needs to be separated." Id.

Finally, during the disciplinary hearings, a bystander overheard Sadeck and Baumgartner discussing the hearing and heard one of them ask "why do we have to do this dog and pony show, let's just vote to terminate her and get it over with." Higgins Aff. [Doc. No. 109-23]. Once the hearing was over, the Board then voted to terminate Lawless without deliberating or making any factual findings as to the majority of the charges against her. Jun. 22 Hrg. Tr. 105-08 [Doc. No. 96].

Mem. and Order 20-21 [Doc. No. 122].

C. *Discussion*

As this court previously summarized:

Lawless' second claim alleges a violation of her due process rights under section 1983 against the Board members and Freetown. Am. Compl. ¶¶ 186-224 [Doc. No. 42]. Specifically, she claims that her disciplinary hearing was procedurally inadequate because (1) the town's witnesses were not sworn in; (2) the Board admitted hearsay evidence; (3) the outcome of the disciplinary [hearing] was predetermined; and (4) the Board did not afford her a constitutionally adequate post-termination hearing. Pl's Opp. 2-26 [Doc. No. 115].

Mem. and Order at 18. The court considers Plaintiff's claim in light of the First Circuit decision, and also considers Plaintiff's final argument regarding a post-termination hearing.

    1.   Pretermination Hearing

Because the interlocutory appeal concerned qualified immunity, the First Circuit needed to identify what were "clearly established statutory or constitutional rights of which a reasonable person would have known." Lawless, 63 F.4th at 67 (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). The First Circuit explained that "the parties do not dispute that Lawless was entitled under Massachusetts law to due process in connection with the for-cause termination of her employment contract with the Town of Freetown." Id. The Court continued:

> Given this premise, it was clearly established that the essential components of a pretermination due process hearing were "oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." It was also clearly established that "[t]o require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." Based on our review of the summary judgment recitation of the facts provided by Lawless and the district court, the pre-termination hearing in this case met all the essential requirements of pre-deprivation process.

Id. (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985)).

The First Circuit explained that due process does not require absolute impartiality, and that "it is clearly established that employing authorities may preside at termination hearings even though they instituted the termination proceeding." Id. at 68. It commented that "[t]o hold that such [a predisposition to terminate] bias precludes the town officials from approving a termination even after the employee is given notice and a chance to explain why termination is not called for would be to require most small towns to surrender important responsibilities to persons not accountable to local citizens." Id. at 68 n.5. The Court concluded that "[g]iven that the clear legal statements available in binding precedent tend more to frustrate than support Lawless's due process claim against the Appellants, we have little difficulty concluding that the

doctrine of qualified immunity shields the Appellants from liability against Lawless's due process claim." Id. at 69. In sum, the First Circuit's decision squarely blocks Plaintiff's claim that she can show that the pretermination hearing was constitutionally insufficient based on the Board members' bias, even as to bias so substantial that it "plugged the Appellants' ears so that they did not actually hear her response." Id. at 67.

But this court reached one further conclusion of fact and law not addressed by the First Circuit (and with no impact on the qualified immunity analysis where the law concededly is not clearly established), namely, that the evidence on summary judgment was sufficient for a reasonable jury to find "that the Board had made up its mind to terminate Lawless prior to the hearing and that no evidence she presented would have changed the result," that is, that "the outcome of the hearing was predetermined and therefore violated Lawless' due process rights." Mem. and Order 20 [Doc. No. 122]. In other words, there was evidence from which a jury could find that Defendants did not give Lawless "an opportunity to present [her] side of the story," Lawless, 63 F.4th at 67 (quoting Loudermill, 470 U.S. at 546), or "a chance to explain why termination is not called for." Id. at 68 n.5. Plaintiff may proceed to trial on this narrow claim, and Defendant can be protected from the jury straying beyond this claim by instructions directing the jury that any due process violation must be based on a finding that an irrevocable decision was made to terminate Plaintiff in advance of the hearing and not on the Board members' alleged biased.

Finally, the First Circuit also observed that "[t]he alleged procedural default cannot be the [Board's] failure to reach the right result. Such a holding would turn any procedural due process claim into a full judicial [or jury] review of discretionary administrative decisions." Id. at 70 n. 8 (quoting Acosta-Sepulvada v. Hernandez-Purcell, 889 F.2d 9, 12 (1st Cir. 1989)). While it does

not appear that Plaintiff has asserted such a claim, to the extent that Plaintiff does seek to claim a due process violation based on the "failure to reach the right result," any such claim is barred.

    2.   Post-termination Hearing

The First Circuit directed this court also to consider Plaintiff's post-deprivation remedies available under Massachusetts law. Id. at 69.

Plaintiff argues that pre- and post-deprivation remedies must be decided together. Pl.'s Surreply 9 [Doc. No. 201-1]. Plaintiff contends that (1) it is undisputed that Freetown did not provide any post-deprivation hearing to Plaintiff and (2) a breach of contract action—the only available remedy to Plaintiff—is "always an inadequate post-deprivation process in employment cases." Id. at 10 (citing Lujan v. G & G Fire Sprinklers, 532 U.S. 189, 196 (2001) and Clukey v. Town of Camden, 717 F.3d 52, 61 (1st Cir. 2013)).

Defendant counters that Plaintiff misreads her cases on procedural due process. The Town argues that where there were no deficiencies in the pre-termination process afforded to a public employee, Plaintiff's breach of contract remedy at state law is more than sufficient to satisfy due process. Def. Town of Freetown's Opp'n to Pl. Diane Lawless' Mot. for Leave to File a Surreply 6-8 [Doc. No. 204].

Defendant is correct. Both Lujan and Clukey involved Plaintiffs who had been provided no pre-termination hearing by their employers. The question in both of those cases was what, if any, post-deprivation remedy could cure the absence of a pre-termination process. See Lujan, 532 U.S. at 191; Clukey, 717 F.3d at 60.

In Lujan, the Supreme Court upheld a California statute authorizing the state to withhold payments due a contractor on a public works project if the subcontractor failed to comply with certain requirements. Lujan, 532 U.S. at 191. In reaching its conclusion, the Court distinguished

the claimants in Lujan from claimants who had been deprived of a present entitlement. Id. at 196.

Where the claimants in Lujan were not deprived a present entitlement, the statutory scheme of

withholding payment was constitutionally valid where the claimants could sue for breach of

contract. Id. at 197. In cases where a present entitlement was denied, the court determined that

the availability of a state breach-of-contract remedy would not cure a total lack of pre-

deprivation process. See id. at 190.

In Clukey, the First Circuit considered whether the availability of post-termination

remedies via, inter alia, state law breach of contract claims foreclosed a violation of procedural

due process claim where a municipal employee was not provided "any notice whatsoever" before

an adverse employment action. Clukey, 717 F.3d at 62. Neither Clukey nor Lujan supports

Plaintiff's claim that the Town was required to provide her with a post-deprivation hearing to

comport with due process if her pre-termination hearing was not constitutionally deficient.

The "root requirement" of the Due Process Clause is "that an individual be given an

opportunity for a hearing *before* he is deprived of any significant property interest." Loudermill,

470 U.S. at 542 (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)).[4] Plaintiff has

pointed to no case, and the court has found none, that stands for the proposition that where pre-

termination process is constitutionally sufficient, an employer is required to provide more robust

post-termination process than available state breach-of-contract remedies.

In sum, Plaintiff is not entitled to a post-deprivation hearing.

---

[4] This root requirement underscores this court's view that if the pretermination hearing was a hearing in name only and an irrevocable decision had already been made, that supposed pre-termination process is constitutionally insufficient.

**IV.   Conclusion**

For the foregoing reasons, Freetown's <u>Renewed Motion for [Partial] Summary Judgment</u> [Doc. No. 190] is GRANTED in part and DENIED in part. Plaintiff may proceed on her section 1983 claim, limited to the argument that the Board members had decided to terminate Lawless prior to the pretermination hearing and that no argument or evidence she presented would have changed the result.

IT IS SO ORDERED.

November 14, 2023                                    /s/ Indira Talwani
                                                     United States District Judge