UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE LAWLESS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *    Civil Action No. 1:18-cv-11089-IT |
| | * |
| TOWN OF FREETOWN, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

February 2, 2024

TALWANI, D.J.

In 2018, Plaintiff Diane Lawless, a former municipal employee, brought this action against Defendants Town of Freetown ("Freetown" or "Town") and the members of its Board of Selectmen (the "Board members"). Trial of her two remaining claims against the Town is scheduled to begin on June 10, 2024. Pending is Plaintiff's Motion to Reopen Expert Discovery for the Limited Purpose of Replacing Her Retired Expert Witness ("Lawless Mot.") [Doc. No. 220]. For the following reasons, Plaintiff's Motion [Doc. No. 220] is GRANTED.

I.  **Procedural History**

In 2018, Lawless initiated this action in state court and Defendants removed the action to this court. See Notice of Removal [Doc. No. 1]. The action proceeded through a motion to dismiss and fact discovery. Laweless disclosed her damages expert, Dr. Allan Feldman, and his expert report to Defendants on March 10, 2020. See Lawless Mot. 1 [Doc. No. 220].[1] On April 2,

---

[1] The report is dated December 19, 2018. See Economic Losses Due to the Termination of Diane Lawless ("Feldman Rep."), Def. Town of Freetown's Opp. to Pl.'s Mot. to Reopen Expert Discovery ("Freetown Opp."), Ex. 1 [Doc. No. 223-1].

2020, the parties moved to stay the deadline for Lawless's expert's deposition and Defendants' expert disclosures until thirty days after the court decided Defendants' anticipated motion for summary judgment. See Joint Mot. to Cont. Expert Disc. [Doc. No. 78].[2]

On March 9, 2021, the court issued its Memorandum and Order [Doc. No. 122] granting in part and denying in part Defendants' Motion for Summary Judgment [Doc. No. 93]. The individual Defendants filed an interlocutory appeal on March 30, 2021. See Notice of Interlocutory Appeal [Doc. No. 126]. During the pendency of the interlocutory appeal, this court held several pretrial and status conferences to determine if any portions of the matter could proceed while the Board members' interlocutory appeal was pending. See Elec. Clerk's Notes (March 23, 2021) [Doc. No. 124]; Tr. of Pretrial Videoconference (September 20, 2021) [Doc. No. 171]; Tr. of Pretrial Videoconference (November 8, 2021) [Doc. No. 176]; Elec. Clerk's Notes (March 31, 2022) [Doc. No. 175].

In March 2023, two years after the interlocutory appeal was filed, the First Circuit reversed this court's denial of summary judgment on the individual Board members' qualified immunity defense and remanded the case for further proceedings. Lawless v. Town of Freetown, 63 F.4th 61 (1st Cir. 2023).

On remand, the court set a trial date but also allowed the Town to file a second summary judgment motion to tee up the parties' ongoing dispute as to Lawless's section 1983 claim against the Town. See Elec. Clerk's Notes (April 19, 2023) [Doc. No. 187]; Def. Town of Freetown's Renewed Mot. for [Partial] Summ. J. [Doc. No. 190]. On September 6, 2023, the court advised the parties that the trial date needed to be reset and delayed the pretrial disclosures that were due shortly thereafter, see Elec. Clerk's Notes [Doc. No. 199], and on September 20,

---

[2] Freetown did not ultimately depose Dr. Feldman or designate an expert of its own.

2023, the court reset pretrial dates, including the pretrial witness disclosure date, see Procedural Order [Doc. No. 203]. On November 1, 2023, the court granted the parties' Joint Motion [Doc. No. 205] to move the date for pretrial disclosure to November 7, 2023. See Elec. Order [Doc. No. 206]. On November 7, 2023, Lawless disclosed her witnesses for trial, including Dr. Feldman. Pl.'s Pretrial Disclosures 2, 5 [Doc. No. 208].

On November 14, 2023, the court granted in part and denied in part the Town's Renewed Mot. for [Partial] Summ. J [Doc. No. 190]. Mem. & Order [Doc. No. 210]. On November 17, 2023, the court reset trial to begin on June 10, 2024. See Elec. Order and Notice of Rescheduling [Doc. No. 212]. The Town then filed a Motion for Reconsideration [Doc. No. 214] on November 27, 2023, which the court denied on November 28. See Order [Doc. No. 217].

Lawless filed the pending Motion to Reopen Expert Discovery [Doc. No. 220] on December 20, 2023. Her counsel reports that he first learned in November 2023, that Dr. Feldman had retired from providing courtroom testimony. Decl. of Chip Muller, Esq. ¶ 4, Lawless Mot., Ex. 1 [Doc. No. 220-1]. Lawless's counsel met with Dr. Feldman on December 4, 2023, to determine if he would still be willing to testify for Lawless and learned that he "was unable, and therefore, unwilling to testify." Id. at ¶¶ 6-7.

**II.   Discussion**

Modification of a court's scheduling order may be done "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). It is the moving party's responsibility to demonstrate good cause. Miceli v. JetBlue Airways Corp., 914 F.3d 73, 86 (1st Cir. 2019). A court's primary consideration in determining good cause is whether the moving party acted diligently. See O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004). "[T]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay,

with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

Lawless contends that she has demonstrated good cause because she timely moved to replace Dr. Feldman after learning that he was unable to testify. Lawless Mot. 3 [Doc. No. 220]. She notes that courts faced with similar situations, such as the death of an expert, have allowed substitution of experts. Id. at 2 (citing Apple Inc. v. Samsung Elec. Co., Ltd., 2016 WL 52904, at *1 n.1, *2 (N. D. Cal. Feb. 10, 2016). Lawless emphasizes that substitution is especially justified because this case has been pending since 2018, and the reopening of discovery for this limited purpose is unlikely to derail preparations for trial, which she does not seek to delay. Id. at 3.

Lawless also emphasizes that she does not seek to use a new expert to put her in a better position than she would be with Dr. Feldman's testimony. Id. "Plaintiff's new expert should have the opportunity to update Dr. Feldman's calculations as appropriate based on the passage of time, but would otherwise be instructed to generally track the scope of Dr. Feldman's previous report." Id.

Freetown opposes the substitution. It contends that Lawless has provided "no indication of Dr. Feldman's retirement date, information which is particularly important to understanding whether her request is 'substantially justified or is harmless' or even if there is good cause." Freetown Opp. 2 [Doc. No. 223]. Freetown argues that "[i]f Dr. Feldman retired prior to this first trial date, then a nearly two-year delay would in itself warrant denial of the Plaintiff's Motion." Id. (citing Vázquez v. Exec. Airlines, Inc., 2009 U.S. Dist. LEXIS 149206, *12 (D.P.R. 2009)).

Freetown also contends that reopening expert discovery would cause significant prejudice. Freetown Opp. 3 [Doc. No. 223]. Though Freetown did not disclose its own expert in

response to Dr. Feldman's report, "[it] may decide differently the need for it to retain an expert of its own choosing" in response to a new expert's report, which would incur additional costs and fees. Id. Freetown also objects to allowing Lawless to engage a new expert following its Motion in Limine on Damages [Doc. No. 149-6], and the court's decision on that motion, see Elec. Order [Doc. No. 163], on the ground that the court's order "puts [Lawless] in a significantly more advantageous position" than she held when Dr. Feldman issued his report. Freetown Opp. 4 [Doc. No. 223].

Freetown also requests that, should the court allow Lawless's motion to reopen expert discovery, it should also order Lawless to pay Freetown's reasonable costs and fees and any expert fees associated with Plaintiff's substitution. Id. at 5.

The court finds that Lawless has shown good cause. Even if one assumes, as Freetown suggests, that Dr. Feldman retired two years ago, his retirement is not a determinant of his availability for trial. It is entirely possible that a retiree could still provide expert testimony. Instead, per Lawless's counsel's declaration, Lawless did not learn definitively that Dr. Feldman would not testify at trial until December 4, 2023. She then filed the instant motion on December 20, 2023. Accordingly, the court finds that Lawless acted diligently in seeking to substitute her expert witness and that it would be unduly punitive to deny Lawless the benefit of expert testimony when this case has been pending for 5 years and her expert's inability to testify is, in part, a result of that delay.

The court does not share Freetown's concerns that allowing a new expert after this court's decision on Freetown's motion in limine regarding damages unfairly advantages Lawless. If anything, the court's decision on the motion, see Elec. Order. [Doc. No. 163], should provide Lawless's new expert with clarification on the types of damages Lawless can pursue at trial, thus

5

reducing the need for future motion practice. Within those constraints, however, the court counsels Lawless to limit any new expert testimony to the scope of Dr. Feldman's expert report.

To the extent that Freetown does object to the content of the new expert report as it does to Dr. Feldman's, see Freetown Opp. 4 [Doc. No. 223], those concerns can be addressed through motions in limine.

Additionally, Freetown's request that the court order Lawless to pay any of its costs and fees associated with responding to the substituted expert is denied. While the court would likely have granted the request if Freetown had spent time and money deposing Dr. Feldman or providing a rebuttal report, it did not do so. The court finds no basis for the fees sought by Freetown now.

### III.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Reopen Expert Discovery for the Limited Purpose of Replacing Her Retired Expert Witness [Doc. No. 220] is GRANTED.

Plaintiff shall designate her replacement damages expert and disclose the information contemplated by Fed. R. Civ. P. 26(a)(2) by February 29, 2024. Any deposition of Plaintiff's expert must be completed by March 29, 2024.

Defendant may designate a trial expert on damages, but shall designate any such expert and disclose the information contemplated by Fed. R. Civ. P. 26(a)(2) by March 29, 2024. Any deposition of Defendant's expert must be completed by April 29, 2024.

IT IS SO ORDERED.

February 2, 2024                                              /s/ Indira Talwani
                                                              United States District Judge