UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE LAWLESS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:18-cv-11089-IT |
| | * |
| TOWN OF FREETOWN, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

May 30, 2024

TALWANI, D.J.

Nonparty witness Richard Brown has filed a letter with the court requesting that a subpoena from Plaintiff Diane Lawless commanding his appearance and testimony at her upcoming civil trial be vacated because (1) he was not employed by Defendant Town of Freetown when the actions that are the subject of this suit were taken against Lawless; (2) he is currently employed as the interim town manager of a town in Connecticut and does not have availability to testify; and (3) he is suffering from a medical condition that makes traveling burdensome and painful. The court treats Mr. Brown's letter as a motion to quash.

Federal Rule of Civil Procedure 45 provides that a properly served subpoena may be quashed or modified if it "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). In determining whether to quash, a court "consider[s] issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed when analyzing whether a subpoena places an undue burden on a nonparty." Green v. Cosby, 152 F.Supp.3d 31, 36 (D. Mass. 2015) (quoting Lindsay v. C. R. Bard, Inc., 2011 WL 240104, at *1 (M. D. Pa. Jan. 24, 2011). "The party resisting discovery bears the burden of showing that the subpoena imposes an

undue burden, and it 'cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." <u>In re New England Compounding Pharmacy, Inc. Products Liability Litigation</u>, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013).

      Plaintiff contends that Mr. Brown's testimony is key to her case, where he was her supervisor for half of her tenure with Freetown, another key witness in the case, Cheryl Estrella, reported to Plaintiff but lodged complaints about Plaintiff to Mr. Brown directly, and the Freetown Board of Selectmen delegated investigation of Plaintiff's husband's presence in the treasurer/collector's office to Mr. Brown, and Mr. Brown concluded that neither Plaintiff nor her husband did anything wrong. Pls.' Response to Letter of Richard Brown 2 [Doc. No. 261]. That Mr. Brown no longer works for Freetown does not make these alleged facts less relevant.

      The difficulties cited by Mr. Brown fall short of justifying quashing the subpoena to testify. To quash the subpoena where Mr. Brown has alleged inconvenience, but without evidence that he is medically unable to testify, would prejudice Plaintiff's ability to put on her case at trial.

      Accordingly, Mr. Brown's request that the subpoena to testify at trial be vacated is DENIED.

      IT IS SO ORDERED

May 30, 2024                                      /s/Indira Talwani
                                                    United States District Judge