UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIANE LAWLESS,
    Plaintiff,

v.                                                                                                                      C.A. NO. 1:18-CV-11089

TOWN OF FREETOWN,
    Defendant.

**MOTION FOR JUDGMENT AS A MATTER OF LAW
AT THE CLOSE OF THE PLAINTIFF'S CASE PURSUANT TO F.R.CIV.P 50(a)**

The Defendant Town of Freetown moves this Honorable Court to grant judgment in its favor as the Plaintiff has failed to produce any legally sufficient evidentiary basis for a reasonable jury to find that the Plaintiff would be successful as to her breach of contract and 42 U.S.C. § 1983 procedural due process claim.

**I.**     **42 U.S.C. § 1983**

    **A.**     **Procedural Due Process**

The Plaintiff has failed to produce evidence that the Defendant violated her rights to procedural due process under the Fourteenth Amendment to the United States Constitution.

The essential components of a pretermination due process hearing were "oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). It is also clearly established law that "[t]o require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." Id. The trial evidence shows that the pretermination hearing in this case met all the essential requirements of predeprivation process.

1

While the Town respectfully disputes that there is any additional analysis under the procedural due process clause, reserving its rights, the Plaintiff has also failed to show evidence that the Board members made any decisions to terminate her at any point prior to the single and only vote that was taken at the conclusion of the hearings on June 22, 2015. Each of the Board members testified that they did not predetermine Ms. Lawless' termination, that they gave her an opportunity to present her side of the story over three full hearing days, including providing the right to counsel, to make arguments, examine the witnesses, call witnesses, offer evidence, etcetera. Ms. Lawless has not offered any evidence showing otherwise.   The trial evidence also shows that the Board, in fact, heard Ms. Lawless' evidence and voted not to sustain two of the eight charges that were before them. This vote was based on evidence provided by Ms. Lawless at her due process hearings.   Ultimately, however, the Board members voted on whether to terminate Ms. Lawless' contract in the second year for the six sustained charges that were before them.

The trial evidence also does not show that Ms. Lawless contests that the Board had the evidence before them to sustain each of the six charges.   Rather, Ms. Lawless argues that the Board should not have credited the witnesses or the evidence against her because of her view that their allegations were "false."   This argument does not challenge the process, it challenges the result.   Plaintiff has failed to prove her procedural due process claim.

WHEREFOR, Plaintiff's claim under 42 U.S.C. § 1983 must fail.

**B.     Breach of Contract**

"Under Massachusetts law, to prove a breach of contract claim, a plaintiff must show: (1) the existence of a valid and binding contract, (2) that the defendant breached the terms of the

contract, and (3) that the plaintiff has suffered damages from the breach." D&N Corp. v. Intoccia, 87 Mass. App. Ct. 1129 (2015).

It is undisputed that the Plaintiff's employment agreement required that she be terminated only for "cause."  In Massachusetts, a "cause" standard requires that the employer have a legitimate reason to discharge an employee. Murphy v. Casey, 300 Mass. 232, 236 (1938).

 "Massachusetts courts have consistently defined good cause (occasionally referred to as 'just' or 'due' cause) as the existence of either (1) a reasonable basis for employer dissatisfaction with a new employee, entertained in good faith, for reasons such as lack of capacity or diligence, failure to conform to usual standards of conduct, or other culpable or inappropriate behavior, or (2) grounds for discharge reasonably related, in the employer's honest judgment, to the needs of its business."  York v. Zurich Scudder Invs., Inc., 66 Mass. App. Ct. 610, 617 (2006). Massachusetts courts have found cause to discharge a public employee where "the interests of the public require the removal of the public officer," Murphy, 300 Mass. at 236; or where there is "less than complete confidence" in a public official's "competency and efficiency." McSweeney v. Town Manager of Lexington, 379 Mass. 794, 798 (1980).

The trial evidence shows overwhelmingly that the Town's cause determination was supported by evidence.  Similar to the issues facing Ms. Lawless's procedural due process claim, she has not shows that there was not evidence before the Board giving it cause for termination. Rather, she has suggested that the Board should not have credited the witnesses or evidence that was before it, an argument that is wholly unavailing.  And, she has called witnesses she wholly failed to call at any time during the three hearing days that were provided to her by the Town prior to the Board's decision.  The evidence provided by these witnesses was not offered by Ms.

Lawless at the time of the Board's decision and, regardless, does not rebut any of the evidence before the Board with respect to each of the six sustained charges.

WHEREFOR, Plaintiff's breach of contract must fail.

## II.     Conclusion

Based on the above arguments, the Defendant Town of Freetown respectfully moves this Honorable Court to grant judgment in its favor as the Plaintiff has failed to produce any legally sufficient evidentiary basis for a reasonable jury to find that she would be successful as to her breach of contract and 42 U.S.C. § 1983 procedural due process claims.

>                             Defendant,
>                             TOWN OF FREETOWN,
>                             By its attorneys,
>
>                             */s/Joseph A. Padolsky*_____
>                             Joseph A. Padolsky, Esq. (BBO # 679725)
>                             Douglas Louison, Esq. (BBO # 545191)
>                             Louison, Costello, Condon & Pfaff, LLP
>                             10 Post Office Square, Suite 1330
>                             Boston, MA   02109
>                             jpadolsky@lccplaw.com
>                             dlouison@lccplaw.com

## CERTIFICATE OF SERVICE

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF.

>                             */s/Joseph A. Padolsky*
>                             _____
>                             Joseph A. Padolsky

Dated:   May 28, 2024