UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE LAWLESS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:18-cv-11089-IT |
| | * |
| TOWN OF FREETOWN, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

August 15, 2024

TALWANI, D.J.

Plaintiff Diane Lawless, a former municipal employee, brought this action against Defendant Town of Freetown ("Freetown" or "Town"), inter alia, for breach of contract and violation of her procedural due process rights.[1] Following a nine-day trial, the jury returned a verdict in favor of Lawless and against Freetown on both claims. The jury awarded Lawless $75,000 on her breach of contract claim. On her Section 1983 procedural due process claim, the jury awarded no compensatory damages and $150,000 in nominal damages.

Both parties now challenge the jury award. Plaintiff has filed a Motion for New Trial or Additur [Doc. No. 317] asking the court to recategorize the nominal damages award as a compensatory award for emotional damages or, in the alternative, to hold a new trial on damages. Defendant has filed a Motion Regarding Nominal Damages Award [Doc. No. 315] requesting that the nominal damage award be reduced not to exceed $1. For the following

---

[1] Lawless also sued the members of its Board of Selectmen for violation of her due process rights, but that claim was defeated on grounds of qualified immunity. See Lawless v. Town of Freetown, 63 F.4th 61 (1st Cir. 2023).

reasons, Plaintiff's Motion [Doc. No. 317] is DENIED and Defendant's Motion [Doc. No. 315] is GRANTED.

I.    **Relevant Background and Procedural History**

    A.  The Jury Instructions and Verdict Slip

The court instructed the jury on compensatory and nominal damages as follows:

**Procedural Due Process – Damages – Compensatory Damages**

If you find that Freetown is liable to Ms. Lawless on the procedural due process claim, then you must determine whether to award compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate Ms. Lawless for the damage that she has suffered because of the procedural due process violation. For this claim, Ms. Lawless is seeking emotional distress damages only.

Compensatory damages must be proven by a preponderance of the evidence. The burden of proof as to the existence and the extent of damages is on Ms. Lawless. You may not base an award of damages or the amount of any such award on speculation or conjecture. You must base an award of damages on the evidence presented and on what you consider to be fair and adequate compensation for such damages as you find have been proved. In other words, you may make an award of damages only to the extent that you find that Ms. Lawless has proved by a preponderance of the evidence that Freetown proximately caused her those damages.

An injury or damage is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or causing the injury or damage, and that the injury or damage was either a direct result, or a reasonably probable consequence of the act.

Ms. Lawless must prove that the injury or damage would not have occurred but-for the Town's violation of her procedural due process right. If Ms. Lawless proves that Freetown breached her right to procedural due process, but Freetown establishes that it had cause for her termination under the breach of contract standard set forth above, then any emotional distress damage that you award Ms. Lawless may not include emotional distress Ms. Lawless suffered following the termination.

If Ms. Lawless proves that Freetown breached her right to procedural due process and Freetown does not establish that it had cause for her termination, however, you may consider whether the procedural due process violation was a direct cause of emotional distress damage after the termination.

Any compensatory damages you award must be fair compensation for all of Ms. Lawless's damages, no more and no less. You should not award compensatory

> damage for speculative injuries, but only for those injuries which Ms. Lawless has actually proven to you. Your assessment of the damages to be awarded, if any, may not be based on the abstract value or importance of Ms. Lawless's right to be free from due process violations.
>
> If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of losses with mathematical certainty, but only with as much definiteness and accuracy as the circumstances permit.
>
> **Procedural Due Process – Damages – Nominal Damages**
>
> If you find that Ms. Lawless has proven that Freetown violated her procedural due process rights, but that she has not proven compensatory damages, then you may return a verdict for Ms. Lawless with damages for this count in some nominal sum, such as one dollar.

See Jury Verdict, Att. 5 (Final Jury Instructions) [Doc. No. 313-5].

The verdict form provided to the jury asked under Count One whether Freetown breached its employment contract with Lawless, and if the answer was "Yes," to enter the amount of contract damages the jury awarded Lawless for the breach of contract. The verdict form asked under Count Two whether Lawless had proven by a preponderance of the evidence that Freetown violated her constitutional right to procedural due process, and if "Yes," to answer separate questions as to compensatory damages and nominal damages. Jury Verdict [Doc. No. 313]. For each damages section, the jury was required to enter a dollar amount in numbers and words. Id.

    B.  The Jury Verdict

The jury found that Freetown breached its employment contract with Lawless and awarded her $75,000, written out as "Seventy-five thousand dollars," in contract damages. Id. at 1. The jury also found Defendant Freetown liable on the Section 1983 procedural due process claim. Id. at 2. When asked to assess "the **compensatory damages** Ms. Lawless has proven by a preponderance of the evidence was caused by the violation of her constitutional right to procedural due process," id. (emphasis in original), the jury entered $0, written out as "zero," id.

3

When asked to "enter the amount of nominal damages you award Ms. Lawless for the violation of her constitutional right to procedural due process," the jury awarded $150,000, written out as "one hundred fifty thousand dollars." Id.

    C. The Pending Motions

Following the verdict, Lawless filed her Motion for Additur [Doc. No. 317], asking the court to find that the jury intended to award Lawless $150,000 in compensatory damages. Mem. ISO Pl. Lawless' Mot. for New Trial or Additur ("Pl.'s Additur Mem.") 1 [Doc. No. 318]. In the alternative, Lawless requests a new trial on damages. Id. Concurrently, Freetown filed its Motion Regarding Nominal Damages Award [Doc. No. 315], requesting that the $150,000 nominal damages award be reduced to an award not to exceed one dollar. Mem. of Law ISO Def. Town of Freetown's Motion Regarding Nominal Damages Award ("Def.'s Damages Mem.") 2-3 [Doc. No. 316]. The parties oppose each other's motion.

**II. Discussion**

    A. Additur

The Seventh Amendment "flatly prohibits federal courts from augmenting jury verdicts by additur." Campos-Orrego v. Rivera, 175 F.3d 89, 97 (1st Cir. 1999) (citing Dimick v. Schiedt, 293 U.S. 474, 486-87 (1935)). Lawless attempts to skirt this prohibition by characterizing her request not as an augmentation, but a recharacterization of the jury's damages award in light of an "inconsistency."

At the outset, if Lawless believed the verdict to be internally inconsistent, the time to object would have been before the jury was dismissed. Toucet v. Maritime Overseas Corp., 991 F.2d 5, 8 (1st Cir. 1993) ("In this circuit, a 'party waives inconsistency if it fails to object after

4

the verdict is read and before the jury is dismissed.'" (quoting Bonilla v. Yamaha Motors Corp., 955 F.2d 150, 155-56 (1st Cir. 1992))).

But even assuming Lawless had timely objected, the jury's verdict as to the compensatory damages award was not marred by an "internal inconsistency," see Campos-Orrego, 175 F.3d at 98, and Lawless's attempt to frame it as such is unpersuasive. Lawless points to no error or confusion in the compensatory damages instruction and no lack of clarity in the jury's answer of $0, written as "zero," to the question of the amount of compensatory damages Lawless had proven by a preponderance of the evidence.

Lawless relies on Campos-Orrego to argue that the court erred in allowing the jury to determine a nominal damage award, rather than awarding nominal damages itself on a party's post-trial motion. Pl.'s Additur Mem. 2 [Doc. No. 318].[2] Campos-Orrego holds that a plaintiff may ask a judge "to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the trial court for nominal damages on the occasion of, or immediately after, the return of the verdict," and that "a timely request for nominal damages can be made either ex ante (to the jury) or ex post (to the judge)." 175 F.3d at 99. Under Campos-Orrego, if the court had not instructed the jury on nominal damages, it would have been error not to allow Lawless to

---

[2] Prior to holding a charge conference, the court provided the proposed jury instructions and verdict form to counsel. Neither side raised any objection at the charge conference to either the nominal damages instruction or the nominal damages question on the verdict form. See Trial Tr. Day 9 [Doc. No. 332].

The following day, before the jury was seated for closing argument, counsel and the court had a brief colloquy regarding the verdict form. Plaintiff's counsel objected to the inclusion of a space on the verdict form for nominal damages, and the court offered to remove it. Plaintiff's counsel then inquired as to whether the court would entertain a post-judgment motion to add nominal damages and, after hearing brief argument, the court stated that it would strike the nominal damages line if Plaintiff did not want the issued presented to the jury, but would not then entertain a motion to add them post-judgment. Plaintiff's counsel then accepted the instructions and verdict form as set forth at the charge conference.

timely request nominal damages post-verdict. But Campos-Orrego does not preclude submission of the nominal damages question to the jury.

Lawless points to the court's instruction on nominal damages as support for the supposed inconsistency. It is well-settled that "nominal damages are recoverable on a finding of a procedural due process violation, even without a corollary finding of injury or an award of compensatory damages." Campos-Orrego, 175 F.3d at 98 (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978)). The jury instructions reflected this principle, and advised the jury that it could award nominal damages if it found that Lawless proved that Freetown violated her procedural due process rights but did not prove compensatory damages by a preponderance of the evidence. Where the court instructed that nominal damages should be "in some nominal sum, such as one dollar," the nominal damage award of $150,000 does make the nominal damages award incorrect, as discussed further below. It does not, however, make the award of $0 for compensatory damages inconsistent. See Romano v. U-Haul Intern., 233 F.3d 655, 671 (1st Cir. 2000) (holding that a jury award of $15,000 in nominal and $0 in compensatory damages was not inconsistent, only incorrect as to the nominal damages).

Nor do the cases Lawless cites support the proposition that this court may override the jury's determination as to zero compensatory damages here. Lawless points to Auwood v. Harry Brandt Booking Office, Inc. as an example of a court recharacterizing a large nominal damage award as a compensatory award. 850 F.2d 884 (2d Cir. 1988). In Auwood, the district court had given the jury a series of conflicting and confusing oral and written instructions on nominal and compensatory damages, and described nominal damages as "a minimal sum" that may be awarded when a person's rights have been violated, but when he has not proved any actual damages or when he has been unable to prove an amount. Id. After the jury returned a verdict in

the plaintiff's favor for $75,000 in nominal damages, the court reduced the damage award. Id. at 888. On appeal, the Second Circuit reversed the district court's decision to reduce the award in part because the district court's instructions to the jury did not make clear what nominal damages meant. Id. at 892. The instruction made no mention of a $1 figure or similar award. Id. The court found, based on the district court's written and verbal instructions, that the jury "may well have intended to find that plaintiffs had not proven all of the [] losses they had claimed but had proven a minimum of $75,000, and it may have believed that such a fraction was what the court meant by 'minimal' or 'nominal.'" Id. at 893.

The nominal damage instruction provided to the jury in this case did not suffer from the same defects as the instruction in Auwood. Instead, this court's nominal damage instruction explained that if Lawless proved that her constitutional right to procedural due process had been violated but failed to prove compensatory damages, the jury could award "a nominal sum, such as one dollar."

The jury, following the court's instruction on emotional damages, apparently concluded that Freetown violated Lawless's constitutional right to procedural due process but had not proven her emotional distress damages, and so awarded $0 in compensatory damages. Rather than intending to award $150,000 in compensatory damages as Plaintiff posits, the court finds it is more likely that the jury added that large amount to the nominal damage line in response to Lawless's counsel's closing argument that damage awards, or "an exchange of money," rather than stonings, duels, or tar and feathering, are the means of punishing constitutional violations. While the jury likely sought to register its disapproval with Freetown by assigning a large nominal damages award, that award in no way suggests, however, that the jury found that Lawless had proven her claimed emotional distress damages.

7

Accordingly, where the jury's compensatory damages award here was clear, "recharacterizing" the jury's nominal damages award as compensatory damages would be a usurpation of the jury's role and contrary to the Seventh Amendment. Because the jury's verdict is not internally inconsistent and, as discussed below, the incorrect nominal damages award can be rectified without a new trial, there is no need for a new trial on damages. Accordingly, Lawless's request for additur and alternative request for a new trial on damages are denied.

B.  The Nominal Damage Award

The remaining question is whether the $150,000 nominal damages award can stand. It cannot.

"Because the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed . . . we believe that the denial of procedural due process should be actionable for nominal damages without proof of actual injury." Carey, 435 U.S. 247, 266. While the amount of nominal damages is not limited to $1, "the nature of nominal damages compels [] that the amount be minimal[.]" Romano, 233 F.3d at 671 (citing Magnett v. Pelletier, 488 F.2d 33, 35 (1st Cir. 1973)). The First Circuit has held that even $500 is too great for nominal damages. Magnett, 488 F.2d 33, 35 (1st Cir. 1973).

The amount of nominal damages are not based on any evidentiary determination by the jury. To the contrary, as Lawless concedes, a trial court may instruct the jury on nominal damages or, in the absence of such an instruction, may award nominal damages itself following the return of a verdict finding a violation of the constitutional right. Pl.'s Additur Mem. 2 (citing Campos-Orrego, 175 F.3d at 89) [Doc. No. 317]; see also Azimi v. Jordan's Meats, Inc., 456 F.3d 228, 239 (1st Cir. 2006) (The First Circuit has adopted an "obligatory nominal damages"

rule "only for constitutional procedural due process claims."). That is because once the constitutional violation is established, nominal damages are "awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages." Uzuegbunam v. Preczewski, 141 S.Ct. 792, 800 (2021). Thus, the question of the appropriate amount of nominal damages where a jury has found a constitutional procedural due process violation is not one that needs to be returned to a jury on a new trial. Accordingly, following the Supreme Court's approach in Carey v. Phipus, this court finds that the jury's nominal damage award of $150,000 should be reduced to an amount "not to exceed one dollar." 435 U.S. at 267.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for New Trial or Additur [Doc. No. 317] is DENIED and Defendant's Motion Regarding Nominal Damages Award [Doc. No. 315] is GRANTED. The court will adjust the jury's nominal damages award to a sum no greater than $1. A written judgment will follow.

IT IS SO ORDERED.

August 15, 2024                    /s/Indira Talwani
                                   United States District Judge